**Raymond HOLLINS, Jr., Petitioner–Appellant,**

v.

**Mark R. PROVENZA, et al., Respondents–Appellees.**

**No. 02–4305.**

United States Court of Appeals, Sixth Circuit.

May 7, 2003.

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

### ORDER

Raymond Hollins, an Ohio prisoner proceeding pro se, appeals the district court order dismissing his civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief, Hollins filed a "writ of procedendo" against prosecutors Mark R. Provenza and Gregory A. White, Ohio Court of Common Pleas Judge Kosma J. Glavas, Ohio Court of Appeals Judges William B. Hoffman, Julie A. Edwards, and John W. Wise, Ohio Supreme Court Justice Thomas J. Moyer, parole officer Rennee Maholm, parole hearing officer Terry Lukuch, parole supervisor James H. Whitmer, Ohio Adult Parole Authority (OAPA) Chief John F. Kinkela, Ohio Department of Rehabilitation and Corrections Director Reginald Wilkinson, OAPA Chief Hearing Officer Cynthia B. Mausser, OAPA Case Analyst Melinda Der Zwan, and parole board members. Hollins alleged that his 1989 conviction for robbery was void ab initio because the prosecutor: (1) invaded the province of the grand jury; (2) denied him due process of law; (3) falsified the record; (4) changed the charges to a more severe offense; (5) signed the criminal complaint; and (6) violated the separation of powers. Hollins also alleged that the Ohio Supreme Court violated the fairness concept by dismissing his appeal without written findings of fact and conclusions of law. The district court screened the complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A. The court held that Hollins could not challenge his confinement through a civil action because he had not shown that his conviction or sentence had been set aside by a state court or federal habeas corpus decision.

The court also denied Hollins's motion for reconsideration.

In his appeal, Hollins appears to reassert his district court claims.

Upon de novo review, we affirm the district court's order for the reasons stated by the district court. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Construing liberally Hollins's pro se pleadings, he sought to challenge his conviction for robbery based on allegedly improper procedures used by the prosecutor. Hollins alleged that he attempted to have his conviction overturned in state court, but was unsuccessful. Because Hollins's action would necessarily imply the invalidity of his conviction and confinement, and he has not shown that the conviction has been set aside, his action is barred. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White*, 58 F.3d 1081, 1085–86 (6th Cir. 1995).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.